OSCN Found Document:Question Submitted by: The Honorable Mike Ritze, State Representative, District 80

OSCN navigation

Home

Courts

Court Dockets

Legal Research

Calendar

Help

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

Question Submitted by: The Honorable Mike Ritze, State Representative, District 802015 OK AG 3Decided: 06/11/2015Oklahoma Attorney General Opinions
Cite as: 2015 OK AG 3, __ __

¶0 This office has received your request for an official Attorney General
Opinion in which you ask, in effect, the following questions:1. If a
legislator or other public official submits a written request for the issuance
of a formal written Attorney General Opinion pursuant to 74 O.S.2011, §
18b(A)(5), is that written opinion request
for the issuance of a formal written Attorney General Opinion a record which is
subject to disclosure under the Oklahoma Open Records Act, 51 O.S.2011
& Supp.2014, §§ 24A.1 - 24A.30?2.
Would it make any difference in your response to question number 1 if an Open
Records Act request for the written request for a formal Attorney General
Opinion was an Open Records request specific to the official (i.e., an Open
Records request for all written Attorney General Opinion requests submitted by a
specific named official), compared to an Open Records request for all written
request for the issuance of a formal written Attorney General Opinion by topic
(i.e., a request for all opinion requests submitted to your office on the
subject of the Unclaimed Property Act, for example)?3. Aside from the
provisions of the Oklahoma Open Records Act, has it been the past practice of
the Office of the Attorney General to regard opinion requests as
confidential?14. If the
past practice of the Attorney General's office has been to regard the opinion
request document as confidential, has there been a change in the practice
recently? If so, what is the reason for the change in the past practice?5.
Regardless of whether your office treats the opinion request documents as a
"record" for purposes of the Oklahoma Open Records Act, is there any legal basis
upon which a legislator's or other public official's written request for the
issuance of a formal written Attorney General Opinion would be a confidential or
privileged communication?
I.
Written Requests for the Issuance of a Formal Written
Attorney General Opinion Made by a Legislator or Other Public Official Are
"Records" as Defined in the Oklahoma Open Records Act, 51 O.S. Sections 24A.1
Through Section 24A.30.
¶1 The Oklahoma Open Records Act ("Open Records Act")
at Section 24A.3(1), in pertinent part, defines the term "Record" as
follows:

"Record" means all
documents, including, but
not limited to, any book, paper, photograph, microfilm, data files created by or
used with computer software, computer tape, disk, record, sound recording, film
recording, video record or other material regardless of physical form or
characteristic, created by, received by, under the authority of, or coming into the
custody, control or
possession of public officials, public bodies, or their representatives in connection with the
transaction of public business,
the expenditure of public funds or the administering of public
property.
51 O.S.Supp.2014, §
24A.3(1) (emphasis added).
¶2 Under this definition, a written request for the issuance of a formal
written Attorney General Opinion ("written request for a formal Opinion" or
"request for an Attorney General Opinion") made by a legislator or other public
official pursuant to 74 O.S.2011, § 18b, is a "record" within the
Oklahoma Open Record Act's definition of that term because:

A written request for a formal Attorney General Opinion is a
document;
A written request for a formal Attorney General Opinion is received by
and comes into the custody of the Attorney General or his
representatives;
A written request for a formal Attorney General Opinion is received by
a public official, and
A written request for a formal Attorney General Opinion is received in
connection with the transaction of public business.
¶3 All of your inquiries deal with written requests for a formal Opinion.
Under the Statement of Policy of the Attorney General Regarding Furnishing
Formal Opinions [hereinafter Policy]--printed in the front of each
volume of annually published formal written Attorney General Opinions--all
requests for a formal Attorney General Opinion must "be written" and, among
other things, "contain a complete statement of the issues together with a
concise question of law, and a clear, concise statement of the question based
upon the information in the request." Opinions of the Attorney General of Okla.,
V. 44, at viii, ¶ 4 (2014).
¶4 That a request for a formal Attorney General Opinion is a
document is clear, as such requests, under the Attorney General's
Policy, must be in writing and requests universally come in the
form of a signed, written letter. Requests for formal Opinions are
received by and come into the custody of the
Attorney General or his representatives, as requests are addressed to
the Attorney General and when received in the mail or otherwise, are documents
within his custody, control or possession or the custody, control, or possession
of his representatives.
¶5 Requests for a formal Opinion are received by a public
official, as the Attorney General falls within the Open Records Act's
definition of the term "public official." Under the Open Records Act, the term
"public official" is defined, at 51 O.S.Supp.2014, § 24A.3(4), as follows: "'Public
official' means any official or employee of any public
body as defined herein [defined in the Open Records Act]." Id.
(emphasis added).
¶6 The Attorney General is an official of a public body because
the term "public body" includes executive offices, and the
Attorney General's office is an executive office. The Open Records Act defines
"public body" as follows:

"Public body" shall include, but not be limited to, any office, department,
board, bureau, commission, agency, trusteeship, authority, council, committee,
trust or any entity created by a trust, county, city, village, town, township,
district, school district, fair board, court, executive office,
advisory group, task force, study group, or any subdivision thereof, supported
in whole or in part by public funds or entrusted with the expenditure of public
funds or administering or operating public property, and all committees, or
subcommittees thereof. Except for the records required by Section 24A.4 of this
title, "public body" does not mean judges, justices, the Council on Judicial
Complaints, the Legislature, or legislators[.]
51 O.S.Supp.2014, §
24A.3(2) (emphasis added).
¶7 Article VI, Section 1 of the Oklahoma Constitution establishes the
Attorney General as an executive official who must keep his executive office at
the seat of government, Article VI, Section 1 providing, in pertinent part, as
follows:

The Executive authority of the state shall be
vested in a Governor, . . . Attorney General, . . . each
of whom shall keep his office and public records, books and papers
at the seat of government . . . .
Id. (emphasis added).
¶8 Being an executive official of an executive office--an office constituting
a public body--the Attorney General is a "public official" under the Open
Records Act. Thus, a document received by the Attorney General in connection
with the transaction of public business is a record under the Oklahoma Open
Records Act.
¶9 Furthermore, a written request for a formal Opinion is received "in
connection with the transaction of public business." 51 O.S.Supp.2014,
24A.3(1). Section 18b(A)(5) of Title 74 imposes a duty upon the Attorney
General, "[t]o give an opinion in writing upon all questions of law submitted to
the Attorney General by the Legislature or either branch thereof, or by any
state officer, board, commission or department," and subsection (17) of Section
18b(A), imposes a duty upon the Attorney General to "respond to any requests for
an opinion of the Attorney General's office, submitted by a member of the
Legislature, regardless of subject matter, by written opinion determinative of
the law regarding such subject matter[.]" A written Opinion request is, thus,
received "in connection with the transaction of public business"--the receipt of
the written request being the first step in the process leading to the drafting
and issuance of a formal written Attorney General Opinion. Consequently, a
written request for a formal Opinion falls within the Open Records Act's
definition of "record"--a record which, under the provisions of Section 24A.5 of
Title 51, must "be open to any person for inspection, copying, or mechanical
reproduction during regular business hours[.]"
¶10 In sum, in answer to your first question, we conclude that a written
request for a formal Opinion received by the Attorney General or his
representatives is a "record" under the Oklahoma Open Records Act,
51 O.S.2011 & Supp.2014, §§
24A.1 through 24A.30, which must be made available for inspection and copying
or mechanical reproduction under the requirements of that Act.
II.
A Document That is a Record Under the Oklahoma Open Records Act is a Document
Which Must be Made Available for Inspection, Copying or Mechanical Reproduction,
Regardless of Whether an Open Records Act Request to Inspect the Document is to
Inspect a Specific Single Document, or is a Request to Inspect a Group of
Documents Dealing With the Same Subject or Written by the Same Official.
¶11 In your second question you ask whether our conclusion on whether a
written request for a formal Opinion is a "record" under the Oklahoma Open
Records Act would change based on how an Open Records request to inspect a
"written request for a formal opinion" is made--i.e. a request for a specific
document versus a request for a group of letters based on their subject or the
name of the official who asked for the issuance of a formal Opinion.
¶12 As discussed above, whether a document falls within the Oklahoma Records
Act's definition of "record" depends on the document meeting various criteria.
None of those criteria relate to how an Open Records request is made. Thus,
there is no legal basis on which to conclude that a document ceases being a
record under the Open Records Act based on how an Open Records request is made.
Accordingly, a request for a formal Attorney General Opinion is a "record" under
the Open Records Act, regardless of whether an Open Records request to inspect
it is made based on the requestor's name or its subject.
III.
There is no Legal Basis Upon Which a Written Request for a
Formal Attorney General Opinion Would be a Confidential or Privileged
Communication, as:
1) the Oklahoma Open Records Act's Broad Definition of "Record"
Encompasses a Written Request for a Formal Attorney General Opinion,
2) the Law Requires That Formal Written Attorney General
Opinions Be Annually Published, and
3) the Published Formal Written Attorney General Opinions
Contain Both the name of the Requestor and the Questions Asked.
¶13 In your final question you ask, in effect, if there is any legal
basis upon which an official's written request for a formal Opinion would be a
confidential or privilege communication. As noted above: 1) the Oklahoma Open
Records Act has a broad definition of "record"--a definition that encompasses a
request for a formal written Opinion, 2) under Section 18b of Title 74, the
Attorney General has a duty to respond to such requests, and 3) the written
request for a formal Opinion is the first step in the process of the Attorney
General's drafting and issuance of a formal written Attorney General Opinion in
response to the written request.
¶14 The final step in the opinion process is the annual
publication of formal written Opinions, which is required by
Section 20(A) of Title 74, which, in pertinent part provides that, "[t]he
Attorney General shall annually publish all of the written
opinions which he promulgates in connection with the interpretation of
the laws of the State of Oklahoma."
¶15 Given: 1) the law's requirement that formal written Attorney General
Opinions be annually published; 2) the Oklahoma Open Records Act's broad
definition of the term "record"--which encompasses written opinion requests, and
3) the fact that for more than forty years the published formal written Attorney
General Opinions have included both the name of the official requesting an
opinion and the question(s) asked, we conclude that there is no legal basis upon
which a written request for a formal Attorney General Opinion would be a
confidential or privileged communication.
¶16 Of course, it is possible that a written request for a formal Opinion
could contain specific information--like information about an ongoing
investigation--that is otherwise made confidential. In such a case, the
confidential information, under 51 O.S.2011, § 24A.5(2), could be redacted
before making the remaining portions of the written request available for
inspection, copying or mechanical reproduction.

¶17 It is, therefore, the official Opinion of the Attorney General that:
1. A written request for the issuance of a formal written Attorney General
Opinion made by a member of the Legislature or another public official is a
"record" under the Oklahoma Open Records Act, 51 O.S.2011 and Supp.2014, §§
24A.1 through 24A.30, which must be made available for public inspection,
copying or mechanical reproduction.
2. A written request for the issuance of a formal written Attorney General
Opinion is a record under the Oklahoma Open Records Act, 51 O.S.2001 and Supp.2014, §§
24A.1 through 24A.30, regardless of whether an Open Records request to inspect
it is a request to inspect a specific document or is an Open Records request to
inspect a group of documents based on their subject or the name of the official
requesting the issuance of a formal written Attorney General Opinion.
3. Given: 1) the Oklahoma Open Record Act's broad definition of "record" at
51 O.S.Supp.2014, §
24A.3(1)--a definition which encompasses a written request for a formal
written Attorney General Opinion; 2) the law's requirement, at
74 O.S.Supp.2014, §
20(A), that the Attorney General annually publish all written opinions, and
3) the fact that for over forty years the published formal written Attorney
General Opinions have included both the name of the official requesting an
opinion and the question(s) asked, there is no legal basis upon which a written
request for the issuance of a formal written Attorney General Opinion would be a
confidential or privileged communication.2
E. SCOTT PRUITTOklahoma Attorney General
NEAL LEADERSenior Assistant Attorney General
FOOTNOTES
1 Your third and fourth
questions do not pose questions of law. Rather, they are inquiries about
historical practices of the office, which are not the proper subject of an
Attorney General Opinion. We note, however, that the undersigned Senior
Assistant Attorney General has served under six Attorneys General, and that
during his thirty-four year tenure with the office, no one, to his knowledge,
has ever considered a written request for a formal Attorney General Opinion to
be confidential or privileged.
2 Of course, it is possible that a written request for a
formal written Attorney General Opinion could contain specific information--like
information about an ongoing investigation--that is otherwise made confidential.
In such a case, the confidential information, under 51 O.S.2011, § 24A.5, could be redacted before
making the remaining portions of the written request available for inspection,
copying or mechanical reproduction.

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Title 51. Officers
 CiteNameLevel

 51 O.S. 24A.3, DefinitionsDiscussed at Length
 51 O.S. 24A.1, Short TitleDiscussed at Length
 51 O.S. 24A.5, Open and Confidential RecordsDiscussed
Title 74. State Government
 CiteNameLevel

 74 O.S. 18b, Duties of Attorney General - Counsel of Corporation Commission as Representative on Appeal From CommissionDiscussed
 74 O.S. 20, Opinions of Attorney General - Publication and Distribution - Surplus Publication - Attorney General's Revolving FundCited